UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 18-44447

EARLENE TURNER,                                           Chapter 13

      Debtor.                                        Judge Thomas J. Tucker

_____/

## ORDER DISMISSING CASE

On March 29, 2018, the Debtor filed a voluntary petition for relief under Chapter 13, commencing this case. The Debtor is not eligible to be a debtor in this case under 11 U.S.C. § 109(g)(2), which provides:

> (g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if–
>
> . . .
>
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g)(2).

The Debtor was a debtor in a case pending within the preceding 180 days of filing this case: Case No. 15-46179, which was voluntarily dismissed on March 9, 2018. In that case, on August 10, 2015, Creditor DFCU Financial Credit Union filed a motion for relief from the automatic stay. (Docket # 35 in Case No. 15-46179, the "Stay-Relief Motion"). On August 27, 2015, the Court entered a stipulated order on the Stay-Relief Motion, modifying the stay (Docket # 46). Ultimately, on March 9, 2018, the Debtor filed a motion to voluntarily dismiss that case, and an order of dismissal was entered the same day (Docket ## 69, 70).

The Court reiterates what it has held about § 109(g)(2) in prior cases, including the case of *In re Donovan*, Case No. 11-41734 (Docket # 24):

> The Court agrees with the cases holding that (1) dismissal under § 109(g)(2) is mandatory when that statute applies; dismissal is not discretionary; and (2) it is irrelevant under § 109(g)(2) whether there is some causal link or nexus between the filing of a stay relief motion on the one hand, and the debtor's later voluntary dismissal of the case on the other hand. Section 109(g)(2) applies, and requires dismissal, in every situation in which, in a prior case pending within 180 days before the filing of the present case, a creditor filed a motion for relief from stay and the debtor later voluntarily dismissed the case, regardless of the debtor's good faith or whether there was any particular connection between the two events. *See Andersson v. Security Federal Savings and Loan of Cleveland (In re Andersson)*, 209 B.R. 76, 77, 78 (6th Cir. B.A.P. 1997), and cases cited therein. The undersigned judge has so ruled in previous bench opinions, and adheres to that ruling now. *See, e.g., In re Sigh*, Case No. 09-62738, November 19, 2009 bench opinion at 5-6 (a copy of the transcript of that bench opinion, . . . is filed in the *Sigh* case at Docket # 42 . . .).

*See also In re Steele*, 319 B.R. 518, 520 (Bankr. E.D. Mich. 2005) (McIvor, J.).

Based on the facts stated above, the Debtor is not eligible to be a debtor in any bankruptcy case filed within 180 days after March 9, 2018. As a result, this case must be dismissed.

Accordingly,

IT IS ORDERED that this bankruptcy case is dismissed.

**Signed on March 30, 2018**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**